UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CLAUDIA NIETO and LAURA TRAVER,　　　　　　　Case No.  7:20-cv-410
individually and on behalf
of all others similarly situated,

                Plaintiff,　　　　　　　***CLASS ACTION***
　　　　　　　　　　　　　　　　　　　　　　　***COMPLAINT***

-*against*-

PRESSLER, FELT & WARSHAW, LLP
and DOES 1 through 10 inclusive,

                Defendants.
------------------------------------------------------------X

      Plaintiffs, by and through their attorney, Amir J. Goldstein, Esq., as and for their class action complaint against the Defendant PRESSLER, FELT & WARSHAW, LLP alleges as follows:

### INTRODUCTION

1. This is an action for actual, statutory and punitive damages brought by individual consumers and on behalf of a class for the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692  et seq. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### PARTIES

2. Plaintiffs are citizens of the State of New York residing in this district.

3. Upon information and belief, Defendant Pressler, Felt & Warshaw, LLP is a "debt collector" as defined pursuant to 15 U.S.C. § 1692a(6), located in New York, NY and is authorized to do business in this district.

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. §1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(c), as the venue is appropriate where the Defendant regularly conducts business in this district.

## FACTUAL ALLEGATIONS

5. The Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.
6. That personal debts were allegedly incurred by each of the Plaintiffs.
7. That at a time unknown to the Plaintiffs herein, the aforementioned debts were purchased by, referred to and/or assigned to the Defendant for collection.

*Count One*

8. The Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.
9. That upon information and belief, Defendant pursued separate collection lawsuits against each of the Plaintiffs in an attempt to collect on their alleged personal debts.
10. That upon information and belief, although Defendant knew that it did not have adequate documentation to support each collection lawsuit, it persisted with legal action anyway in a deceptive manner in order to confuse and intimidate consumers like the Plaintiffs.
11. That upon information and belief, Defendant not adequately review Plaintiffs' respective account files prior to pursuing each collection lawsuit.
12. That upon information and belief, Defendant did not have prima facie evidence to support the claims in each of the collection lawsuits against the Plaintiffs, yet persisted with legal action anyway in an attempt to harass the Plaintiffs and compel payment of a debt by means of abuse, harassment and coercion.
13. That upon information and belief, Defendant systematically files meritless lawsuits in an effort to compel consumers into making payments on certain accounts knowing that they

cannot and do not intend to try said cases on their "merits."

14. That upon information and belief, Defendant regularly purchases debts and initiates legal proceedings without valid prima face proof of the validity of the debts to compel debtors into payment by means of legal action.

*Count Two*

15. The Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.
16. That upon information and belief, Defendant failed to properly serve each of the Plaintiffs with their respective collections lawsuit and that Plaintiffs were fraudulently served.
17. That upon information and belief, the Defendant, in order to obtain default judgments, systematically and intentionally fails to execute proper service of process in its lawsuits against debtors, like the Plaintiffs.
18. That upon information and belief, the Defendant strategically engages in wide-spread "sewer service"[1] of its lawsuits and preemptively obtains default judgments without the consumer's knowledge in order to gain unfair leverage in order to collect on debts.
19. That upon information and belief, Defendant engages in the systematic and routine practice of filing frivolous collections lawsuits, like those filed against the Plaintiffs, and obtaining default judgments against consumers without due process.
20. That the Plaintiffs are victims of Defendant's extrinsic fraud.
21. That the Plaintiffs sue the Defendant in this action for damages, but is not by this action, seeking to set aside the default judgments.

---

[1] "Sewer service" is where a defendant "fails to serve a debtor and fil[es] a fraudulent affidavit attesting to service so that when a debtor fails to appear in court, a default judgment can be entered against them." *Britton v ABC Legal Servs.,* 2018 U.S. Dist. LEXIS 110478, FN3, citing *Holmes v Electronic Document Processing, Inc.,* 966 F.Supp.2d 925, 929 (N.D. Cal. 2013).

*Count Three*

22. The Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

23. That upon information and belief, Defendant Pressler, Felt & Warshaw, LLP ("Defendant Pressler") is a law firm engaged in the regular practice of filing collections lawsuits on behalf of debt buyers on a mass, widescale level.

24. That upon information and belief, Defendant Pressler is comprised of two other (now defunct) law firms, Pressler & Pressler, LLP and Goldman & Warshaw, PC, who were also in the business of filing high volume collections lawsuits on behalf of junk debt buyers.

25. That upon information and belief, the Defendant, in its attempts to collect debts, systematically files meritless lawsuits (knowing that they cannot and do not intend to try said cases on their "merits") in an effort to compel consumers like the Plaintiffs into making payments on bad, unfounded debts.

26. That upon information and belief, the purported "bad" debts incurred by Plaintiffs have been circulated, purchased and/or assigned through a series of various debt buyers with the intent of filing of a meritless collection lawsuit and ultimately abusing the judicial process for the purpose of inflating its own fees and costs unlawfully.

*Count Four*

27. The Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

28. That each of the Plaintiffs subsequently contacted Defendant Pressler by phone to dispute their alleged debt and request more information.

29. That the Defendant failed to respond to the Plaintiffs' request with any information regarding the alleged debts.

30. That Defendant's agents made misleading and deceptive representations, as well as gave inaccurate legal advice regarding Plaintiffs' consumer rights.

31. That upon information and belief, during the course of the Plaintiffs' communications with Defendant, its agents made false and/or misleading representations as they pertain to the consumer's debt status, false and deceptive statements with regard to the consumer's debt/payment history and gave improper and inappropriate legal advice in an effort to coerce a settlement agreement under duress.

32. That upon information and belief, the misrepresentations made by the Defendant constitute unlawful collection activity as well as the unauthorized practice of law.

33. That the Defendant's conduct constitutes abusive and unlawful collection activity insofar as the Defendant leaves the least sophisticated consumer, like the Plaintiffs, confused and anxious, with little information regarding alleged debts that they, as debt collectors, have the responsibility to verify.

34. That upon information and belief, the Defendant did not have adequate documentation to support its continued collection activity against each of the Plaintiffs.

35. That the Defendant abused and harassed each Plaintiff by causing a lawsuit and various legal actions to be filed against each of the Plaintiffs in an attempt to collect on a debt.

36. That the Defendant took legal actions against the Plaintiffs that could not be legally be taken.

37. That the Defendant persisted with abusive and harassing conduct against each Plaintiff in an effort to collect payment on a debt by means of duress and coercion.

*Count Five*

38. The Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

39. That upon information and belief, the Defendant, in its attempts to collect debts, systematically files <u>meritless</u> lawsuits (knowing that they cannot and do not intend to try said cases on their "merits"), obtains default judgments premised on improper service, and/or executes on judgments in an effort to compel consumers like the Plaintiffs into making payments on bad, unfounded debts.

40. That upon information and belief, should any consumers defend themselves in such a lawsuit, that lawsuit would result in immediate dismissal because Defendant had no intention of pursuing the case on the merits.

41. That upon information and belief, the purported "bad" debt allegedly incurred by each Plaintiff has been circulated, purchased and/or assigned through a series of various debt buyers with the ultimate intent of filing of a meritless collection lawsuit for the purpose of obtaining default judgments and inflating fees unlawfully.

42. That upon information and belief, the Defendant confused and deceived each of the Plaintiffs as to the status of their respective accounts, who was ultimately responsible for collection, and is an effort by the Defendant to avoid fault, lay blame on other entities and circumvent liability.

43. That the Defendant persisted with abusive and harassing conduct against the Plaintiffs in an effort to collect payment on a debt by means of duress and coercion.

44. That as a result of the Defendant's conduct, Plaintiffs suffered actual damages, including, but not limited to: monetary loss, stress, anxiety, aggravation, and sleepless nights.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFFS**

45. The Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

46. That in its attempts to collect a debt, the Defendant used false, deceptive and misleading language, confusing the Plaintiffs as to their consumer rights.

47. That the Defendant's use of deceptive language contains false statements and threats of action that cannot legally be taken or that are not actually intended to be taken and are designed to coerce payment under duress.

48. That the Defendant, in an attempt to collect a debt, engages in a pattern or practice of communicating with consumers where the representations made by the Defendant is harassing, confusing, misleading, deceptive and/or unfair.

49. Defendant's conduct violates 15 U.S.C. 1692 et seq., including but not limited to

subsections (d), (e), (f) and (g) in that the representations made by the Defendant are harassing, confusing, misleading, deceptive, unfair and fail to advise the Plaintiffs (the least sophisticated consumer) of their legal rights as required by law.

1. Defendant has violated 15 U.S.C. § 1692d by harassing the Plaintiffs;
2. Defendant has violated 15 U.S.C. §1692e by falsely representing the character, amount, or legal status of the alleged debt; by taking actions that cannot be legally be taken; by using false representations; and by using deceptive means to collect the alleged debt;
3. Defendant has violated 15 U.S.C. §1692f by using unfair and unconscionable means to collect a debt; and
4. Defendant has violated 15 U.S.C. §1692g by using misleading and overshadowing language in an attempt to collect the alleged debt, by contradicting each of the Plaintiffs' rights, and by failing to clearly and effectively convey their consumer rights.

50. That following Defendant's conduct, the Plaintiffs suffered actual damages, including, but not limited to: stress, anxiety, extreme humiliation and sleepless nights.

51. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, the Defendant is liable to the Plaintiffs for actual and statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

## CLASS ALLEGATIONS

52. The Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

53. The first cause of action is brought on behalf of Plaintiffs and the members of a class.

54. That the class consists of all persons whom Defendant's records reflect resided in the state of New York and were named as defendants in various collections lawsuits based on junk/dead accounts that had little to no basis for collection.

55. The class consists of consumers who suffered injuries as alleged in this complaint

directly and proximately caused by Defendant's misleading and deceptive communications.

56. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    1. Based on the facts that the collection activity, including but not limited to Defendant's collections lawsuits, are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.
    2. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA by making false, misleading and deceptive representations in its attempts to collect a debt.
    3. The only individual issue is the identification of the consumers who were subject to meritless collections lawsuits, a matter capable of ministerial determination from Defendant's records.
    4. The claims of the Plaintiffs are typical of those of the class members. All are based on the same facts and legal theories.
    5. The Plaintiffs will fairly and adequately represent the class members' interests. The Plaintiffs have retained counsel experienced in bringing class actions and claims pursuant to the FDCPA. The Plaintiffs' interests are consistent with those of the members of the class.

57. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

58. If the facts are discovered to be appropriate, the Plaintiffs will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

59. Defendant was negligent and violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    1. Defendant has violated 15 U.S.C. § 1692d by harassing the Plaintiffs;
    2. Defendant has violated 15 U.S.C. § 1692e by making false representations and by using deceptive means in an attempt to collect a debt;
    3. Defendant has violated 15 U.S.C. §1692f by using unfair and unconscionable means to collect a debt; and
    4. Defendant has violated 15 U.S.C. §1692g by failing to properly specify the amount of the alleged debts at issue, by using misleading and overshadowing language in an attempt to collect the alleged debt, by contradicting Plaintiffs' rights, and by failing to clearly and effectively convey Plaintiffs' consumer rights.

WHEREFORE, Plaintiffs demand judgment against the Defendant for statutory, actual, compensatory and punitive damages in an amount to be determined at the time of trial on behalf of the class; for their attorneys' fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

Dated:   January 15, 2020         /s/ Amir J. Goldstein, Esq.
                                  Amir J. Goldstein, Esq. (AG-2888)
                                  **Attorney for the Plaintiffs**
                                  166 Mercer Street, Suite 3A
                                  New York, New York 10012
                                  (212) 966- 5253 phone
                                  (212) 941- 8566 fax

Plaintiff requests trial by jury on all issues so triable.

/s/ Amir J. Goldstein, Esq.
Amir J. Goldstein  (AG-2888)